WM. MANLEY *v.* TRUSTEES OF LA GRANGE.

[Abstract Kentucky Law Reporter, Vol. 7—825.]

**Validity of Improvement Ordinance.**

While in enforcing a lien on account of an improvement made it must appear that the authority given to make such improvement has been strictly followed, still an ordinance giving such authority will not be held invalid because of the fact that the places in the municipality where the ordinance was posted were not shown by the proof to have been public places.

**Interest on Improvement Assessment.**

One enforcing an assessment for a street improvement is not entitled to interest, but where interest is included in the judgment and the same is remitted the error is cured.

APPEAL FROM OLDHAM CIRCUIT COURT.

May 27, 1886.

OPINION BY JUDGE PRYOR:

The subsequent notice to the appellant, given after the time his improvement should have been completed, was but an act of grace on the part of the town trustees, as his failure to comply with the ordinance authorized the trustees to employ some one else to execute the work. Whether the improvement was in accordance with the contract or added to the convenience of the inhabitants of the

town is not a question for the consideration of this court. The power to order the construction of pavements was vested in the trustees by the provisions of the town charter; and the parties to the contract being satisfied with the pavement as constructed and the trustees having accepted the work its mode of construction is an immaterial inquiry.

It is claimed by the appellant that the ordinance requiring him to make the pavement was not published as provided by the charter. The original petition, which seems to have been defective in this regard, was cured by an amended pleading showing a compliance with the charter; and in looking to the testimony it appears that the ordinance was published in the town paper and posted in four different places in the town. The objection that it does not appear that those places were public, following the language of the charter, is too technical to authorize a reversal; and the proof showing the publication in the principal paper of the town, and besides in four different places, is certainly a substantial compliance with the charter provision. While in enforcing such liens it must affirmatively appear that the authority given to make the improvement has been strictly performed, such a technical objection as is urged here should not prevail as against the right of the town to have its streets improved, or the claim of the contractor to have his money upon the completion of the work. It is not to be presumed that these notices were posted in some hidden place so as to prevent the owners of property bordering on the streets from seeing them; but on the contrary it is manifest that when the witness speaks of posting the notices at four different places he means at points where all could see and know the character of the ordinance passed by the town council. The facilities afforded the appellant for executing the work through the leniency of council is no defense to the claim of the trustees.

The only question of difficulty in the case arises from the judgment making the principal sum bear interest from the 12th of September, 1882; but it appears from an indorsement on the record that the judgment has been credited by the interest from that date up to the 1st of February, 1884, and besides the original petition only claims interest from the last named date, and the oversight on the part of the court is at least only a clerical misprision that can be corrected, if it has not already been done by the credit on the judgment. It is not pretended that the appellant has paid any part

of this claim, and we take it, therefore, that the endorsement is itself a correction of the judgment below; if not, it can be corrected by motion.

Judgment *affirmed*.

*Carroll & Clore, Sam'l McKee*, for appellant.

*D. H. French*, for *appellees*.

[Cited, *Whitfield v. Hipple*, 11 Ky. L. 386; 12 S. W. 150; *Brashears v. Brashears*, 33 Ky. L. 233, 110 S. W. 303.]